CLIFFORD CHUN,

        Petitioner,

v.                                        Case No. 3:10-cv-99-J-34JBT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.

_____

**ORDER**

**I. Status**

Petitioner Clifford Chun, who is proceeding in forma pauperis,
initiated this action by filing a pro se Petition for Writ of
Habeas Corpus (Petition) (Doc. #1) and Appendix (Pet. Ex.) (Doc.
#2) under 28 U.S.C. § 2254 on February 2, 2010, pursuant to the
mailbox rule.  He challenges a 2007 state court (Duval County,
Florida) judgment of conviction for burglary of a structure,
asserting that his counsel was ineffective because she: coerced
Petitioner to involuntarily accept an open plea of guilty without
explaining the nature of the charges and advising him of the
consequences of accepting the plea (ground one), and failed to
fully investigate for trial and interview or depose exculpatory
witnesses (ground two).  Additionally, Petitioner claims that his

right to due process of law was violated due to the trial court's error in accepting his guilty plea when the State failed to present a factual basis for the plea (ground three).

Respondents have submitted a memorandum in opposition to the Petition.  See Respondents' Response to Habeas Petition (Response) (Doc. #19) with exhibits (Resp. Ex).  On February 19, 2010, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. #7), admonishing Petitioner regarding his obligations and giving Petitioner a time frame in which to submit a reply.  Petitioner notified the Court on June 17, 2011, that he does not intend to file a brief in reply.  See Petitioner's Notice (Doc. #22).  This case is ripe for review.

## II. Procedural History

On July 13, 2007, Petitioner was charged with burglary of a dwelling (count one), a second degree felony punishable by a term of imprisonment not exceeding fifteen years, and possession of burglary tools (count two), a third degree felony punishable by a term of imprisonment not exceeding five years.  Resp. Ex. I, Information.  Thereafter, pursuant to a negotiated plea agreement, see Resp. Ex. B at 105, 108,[1] Petitioner agreed to plead guilty in exchange for the State's agreeing to reduce count one to burglary

---

[1] The clerk incorrectly collated the state court record, and therefore, the first page of the plea agreement, see Resp. Ex. B at 105, was inserted in between pages of the trial court's order.  The plea agreement should have been attached to end of the order, as exhibit A.

of a structure (a third degree felony) and to dismiss count two. Id. at 93-98, Transcript of the Proceedings (Tr.). At the July 19, 2007 arraignment, Petitioner affirmed that he understood that by entering the plea of guilty to burglary of a structure, a felony punishable by up to five years in prison, the judge would impose "an appropriate sentence" that would not exceed five years of imprisonment. Id. at 97. At the July 26, 2007 hearing, the victim testified, and the trial judge ordered a presentence investigation and continued the hearing. Resp. Ex. C. On August 30, 2007, the trial judge sentenced Petitioner to a term of five years of incarceration, and the State dismissed count two. Resp. Ex. B, Transcript of the Proceedings (Tr.) at 115-32. Petitioner did not appeal.

On November 19, 2007, Petitioner filed a pro se motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) (Rule 3.800 motion). Resp. Ex. B at 1-3. The court denied the motion on November 18, 2008. Id. at 33-35. During the pendency of the Rule 3.800 motion, Petitioner filed a pro se motion for post conviction relief and supporting memorandum of law under Florida Rule of Criminal Procedure 3.850 (Rule 3.850 motion). He asserted that: his right to due process of law was violated due to the trial court's error in accepting the plea without a factual basis (ground one), and his counsel was ineffective because she failed to interview or depose "exculpatory"

witnesses, and investigate and properly prepare for trial (ground two), and because she coerced him to involuntarily accept an open plea of guilty without explaining the nature of the charges nor advising him of the consequences of accepting the plea (ground three). Id. at 4-17. The State responded. Id. at 87-92. The circuit court denied the Rule 3.850 motion on August 6, 2009. Pet. Ex. A; Resp. Ex. B at 102-07.

Petitioner appealed and filed a pro se brief. Resp. Ex. D. The State filed a Notice that it would not file an Answer Brief. Resp. Ex. E. On October 29, 2009, the appellate court affirmed the denial per curiam. Chun v. State, 21 So.3d 814 (Fla. 1st DCA 2009); Resp. Ex. F. The mandate issued on November 24, 2009. Resp. Ex. G.

## III. One-Year Limitations Period

The Petition is timely filed within the one-year period of limitations. See 28 U.S.C. § 2244(d); Response at 3-4.

## IV. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court

is not required to hold an evidentiary hearing." <u>Id</u>.  The

pertinent facts of this case are fully developed in the record

before the Court.  Because this Court can "adequately assess

[Petitioner's] claim[s] without further factual development,"

<u>Turner v. Crosby</u>, 339 F.3d 1247, 1275 (11th Cir. 2003), <u>cert</u>.

<u>denied</u>, 541 U.S. 1034 (2004), an evidentiary hearing will not be

conducted.

## V.  Standard of Review

The Court will analyze Petitioner's claims under 28 U.S.C. §

2254(d).  This standard is described as follows:

> As explained by the Supreme Court, the
> phrase "'clearly established Federal
> law' . . . refers to the holdings . . . of
> [the Supreme Court's] decisions as of the time
> of the relevant state-court decision."
> <u>Williams v. Taylor</u>, 529 U.S. 362, 412, 120
> S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).  We
> have held that to be "contrary to" clearly
> established federal law, the state court must
> either (1) apply a rule "that contradicts the
> governing law set forth by Supreme Court case
> law," or (2) reach a different result from the
> Supreme Court "when faced with materially
> indistinguishable facts." <u>Putman v. Head</u>, 268
> F.3d 1223, 1241 (11th Cir. 2003).
>
> As regards the "unreasonable application"
> prong of § 2254(d)(1), we have held as
> follows:
>
> > A state court decision is an
> > unreasonable application of clearly
> > established law if the state court
> > unreasonably extends or fails to
> > extend a clearly established legal
> > principle to a new context.  An
> > application of federal law cannot be
> > considered unreasonable merely

5

> because it is, in our judgment,
> incorrect or erroneous; a state
> court decision must also be
> unreasonable. Questions of law and
> mixed questions of law and fact are
> reviewed <u>de</u> <u>novo</u>, as is the district
> court's conclusion regarding the
> reasonableness of the state court's
> application of federal law.
>
> <u>Jennings v. McDonough</u>, 490 F.3d 1230, 1236
> (11th Cir. 2007) (quotation marks and
> citations omitted). In sum, "a federal habeas
> court making the 'unreasonable application'
> inquiry should ask whether the state court's
> application of clearly established federal law
> was objectively unreasonable." <u>Williams</u>, 529
> U.S. at 409, 120 S.Ct. at 1521. Finally, 28
> U.S.C. § 2254(e)(1) commands that for a writ
> to issue because the state court made an
> "unreasonable determination of the facts," the
> petitioner must rebut "the presumption of
> correctness [of a state court's factual
> findings] by clear and convincing evidence."[2]
> 28 U.S.C. § 2254(e)(1).

<u>Ward v. Hall</u>, 592 F.3d 1144, 1155-56 (11th Cir. 2010), <u>cert</u>.

<u>denied</u>, 131 S.Ct. 647 (2010).

Finally, for a state court's resolution of a claim to be an

adjudication on the merits, so that the state court's determination

will be entitled to deference for purposes of federal habeas corpus

review under AEDPA, all that is required is a rejection of the

claim on the merits, not an opinion that explains the state court's

rationale for such a ruling. <u>Harrington v. Richter</u>, 131 S.Ct. 770,

---

[2] This presumption of correctness applies equally to factual
determinations made by state trial and appellate courts." <u>Bui v.</u>
<u>Haley</u>, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted)
(citing <u>Sumner v. Mata</u>, 449 U.S. 539, 547 (1981)).

785 (2011) (holding that section 2254(d) does not require a state court to give reasons before its decision can be deemed to have been adjudicated on the merits); <u>Wright v. Sec'y for the Dep't of Corr.</u>, 278 F.3d 1245, 1255 (11th Cir. 2002), <u>cert</u>. <u>denied</u>, 538 U.S. 906 (2003). Thus, to the extent that Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under § 2254(d).

## VI. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5 (2003) (per curiam) (citing <u>Wiggins v. Smith</u>, 539 U.S. 510, 521 (2003), and <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [<u>Strickland</u>,] 466 U.S. at 688, 104 S.Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. <u>Id</u>., at 689, 104 S.Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id</u>., at 687, 104 S.Ct. 2052.

> With respect to prejudice, a challenger must demonstrate "a reasonable probability

> that, but for counsel's unprofessional errors,
> the result of the proceeding would have been
> different.[3] A reasonable probability is a
> probability sufficient to undermine confidence
> in the outcome." Id., at 694, 104 S.Ct. 2052.
> It is not enough "to show that the errors had
> some conceivable effect on the outcome of the
> proceeding." Id., at 693, 104 S.Ct. 2052.
> Counsel's errors must be "so serious as to
> deprive the defendant of a fair trial, a trial
> whose result is reliable." Id., at 687, 104
> S.Ct. 2052.

Harrington, 131 S.Ct. at 787-88.

The two-part Strickland test applies to ineffective assistance claims concerning both the decision to accept a guilty plea offer and the decision to forgo a plea offer and stand trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). Since both prongs of the two-part Strickland test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Ward, 592 F.3d at 1163 (citation omitted). "Surmounting Strickland's high bar is never an easy task." Harrington, 131 S.Ct. at 788 (quoting Padilla v. Kentucky, 130 S.Ct. 1473, 1485 (2010)).

A state court's adjudication of an ineffectiveness claim is accorded great deference. "The standards created by Strickland and § 2254(d) are both 'highly deferential,' [Strickland], at 689, 104

---

[3] In the context of an ineffective assistance challenge to the voluntariness of a guilty or no contest plea, Petitioner must show there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

S.Ct. 2052; <u>Lindh v. Murphy</u>, 521 U.S. 320, 333, n.7, 117 S.Ct.

2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem,

review is 'doubly' so, <u>Knowles</u>[4], 556 U.S., at ----, 129 S.Ct. at

1420." <u>Harrington</u>, 131 S.Ct. at 788.

> The question "is not whether a federal
> court believes the state court's
> determination" under the <u>Strickland</u> standard
> "was incorrect but whether that determination
> was unreasonable - a substantially higher
> threshold." <u>Schriro</u>, <u>supra</u>, at 473, 127 S.Ct.
> 1933. And, because the <u>Strickland</u> standard is
> a general standard, a state court has even
> more latitude to reasonably determine that a
> defendant has not satisfied that standard.
> <u>See Yarborough v. Alvarado</u>, 541 U.S. 652, 664,
> 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004)
> ("[E]valuating whether a rule application was
> unreasonable requires considering the rule's
> specificity. The more general the rule, the
> more leeway courts have in reaching outcomes
> in case-by-case determinations").

<u>Knowles v. Mirzayance</u>, 129 S.Ct. 1411, 1420 (2009); <u>see also</u>

<u>Rutherford v. Crosby</u>, 385 F.3d 1300, 1309 (11th Cir. 2004) ("In

addition to the deference to counsel's performance mandated by

<u>Strickland</u>, the AEDPA adds another layer of deference--this one to

a state court's decision--when we are considering whether to grant

federal habeas relief from a state court's decision.").

---

[4] <u>Knowles v. Mirzayance</u>, 129 S.Ct. 1411 (2009).

9

## VII. Findings of Fact and Conclusions of Law

### A. Ground One

As ground one, Petitioner claims his counsel was ineffective because she coerced him to involuntarily accept an open guilty plea without explaining the nature of the charges nor advising him of the consequences of accepting the plea. As acknowledged by the parties, Petitioner raised this ground in his Rule 3.850 motion. After identifying the two-prong <u>Strickland</u> ineffectiveness test as the controlling law, the court denied the motion with respect to this claim, stating in pertinent part:

> In the Defendant's final ground for relief, he alleges that his conviction was obtained by an involuntary and coerced plea. Specifically, the Defendant claims that he made an open plea of guilty that was "unlawfully induced or not made voluntary with [an] understanding of the nature of the charge(s) and consequences of the plea." Further, the Defendant contends that if counsel would have properly informed him and advised him, he would not have taken the plea and proceeded to trial. This Court notes that the Defendant's claim is refuted by the record. At the Defendant's plea hearing on July 19, 2007 this Court thoroughly inquired as to whether the Defendant understood the possible sentence in this case. Moreover, the Defendant testified that he signed his name on the plea form as acknowledgment that he understood the matters set forth in the plea form:
>
> > The Court:    All right. Mr. Chun, are you under the influence of alcohol or drugs this morning?
> >
> > The Defendant: No, your honor.

The Court: Can you read and write and understand the English language?

The Defendant: Yes, sir.

The Court: Your counsel has entered a plea of guilty on your behalf to the lesser-included offense of burglary to a structure, which is a felony punishable by up to five years in prison. What I intend to do is pass your case for a week, at which time I will be glad to hear from you, the witnesses on your behalf, your attorney, as well as the State of Florida, the victim, and **impose an appropriate sentence, but in no event can it exceed five years.** Do you understand that?

The Defendant: Yes, Your Honor.

The Court: Have you read this plea of guilty and negotiated sentence form?

The Defendant: I certainly have.

The Court: Do you understand everything that is in it, including the rights you give up when you plead guilty?

The Defendant: Yes, that's correct.

The Court: And is that your signature?

The Defendant: That is my signature, Your Honor.

(Exhibit "E," pages 5-6.)[5]    Further, the Defendant signed the plea form acknowledging that he entered into and signed the plea of guilty and negotiated sentence freely and

---

[5] <u>See</u> Tr. at 97-98.

> voluntarily. (Exhibit "A.") Thus, the record
> reflects that he conferred with defense
> counsel, understood that his possible sentence
> was up to five (5) years in prison, and freely
> entered his plea. A defendant may not seek to
> go behind his sworn testimony at a plea
> hearing in a post conviction motion. <u>Stano v.
> State</u>, 520 So.2d 278 (Fla. 1988); <u>Dean v.
> State</u>, 580 So.2d 808 (Fla. 3d DCA 1991); <u>Bir
> v. State</u>, 493 So.2d 55 (Fla. 1st DCA 1986).
> Accordingly, the Defendant's third ground is
> denied.

Pet. Ex. A at 2-4 (emphasis added). Upon Petitioner's appeal, the appellate court affirmed the denial per curiam.

Assuming the appellate court affirmed the denial on the merits, there are qualifying state court decisions. Therefore, this claim will be addressed applying the deferential standard for federal court review of state court adjudications required by AEDPA. After a thorough review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor were they based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief on the basis of this claim.

Moreover, assuming that the state courts' adjudications of this claim are not entitled to deference under AEDPA, Petitioner's claim is, nevertheless, without merit. Petitioner has failed to establish that counsel's performance was deficient. Even assuming

arguendo deficient performance by defense counsel, Petitioner has not shown prejudice. Petitioner has not shown a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill</u>, 474 U.S. at 59.

Petitioner acknowledged that he plead guilty because he was in fact guilty. Tr. at 123. Additionally, given that Chun is a highly educated man, <u>id</u>. at 129; Resp. Ex. B at 146; Resp. Ex. C, he understood his options of either proceeding to trial before a jury on a second degree felony punishable by a term of imprisonment not exceeding fifteen years or pleading guilty to a lesser charge, a third degree felony punishable by a term of imprisonment not exceeding five years. Tr. at 95-98; Resp. Ex. B at 36-37, Plea of Guilty and Negotiated Sentence. Moreover, given the evidence against Petitioner and the improbability of any credible defense, Petitioner's decision to accept the plea offer was indeed "in his best interest." Tr. at 95. If Petitioner had proceeded to trial on the charge of burglary of a dwelling and the jury had found him guilty, he would have faced a maximum of fifteen years of imprisonment. Additionally, the State may not have dropped the charge of possession of burglary tools (count two), a third degree felony punishable by a term of imprisonment not exceeding five years. Thus, if he had proceeded to trial and had been found

guilty of counts one and two, he faced the possibility of a twenty-year sentence. At sentencing, the trial judge stated:

> Mr. Chun, for 25 years[,] Judges have been trying to help you. And as I told Miss Lang [(the victim)] a minute ago, I sleep a lot better at night knowing she wasn't home. But you are a highly educated man, you're a smart man, you can do most any job required. But as the judge in Hawaii found at the time you were last ordered in therapy you are a sexual offender.
>
> **[The] State of Florida has [given] you a tremendous break by reducing this crime from a second degree felony to a third degree felony.** And for that reason the court is limited on the sentence it can impose and will impose.
>
> Therefore, based on your plea of guilty the court will adjudge you to be guilty and sentence you to serve five years in Florida State Prison . . . .

Id. at 130 (emphasis added). Therefore, Petitioner's ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice.

### B. Ground Two

As ground two, Petitioner claims his counsel was ineffective because she failed to fully investigate for trial and interview or depose exculpatory witnesses. Petitioner raised this ground in his Rule 3.850 motion. Ultimately, the court denied the motion on the merits with respect to this claim, stating in pertinent part:

> In the Defendant's second ground for relief, he alleges that defense counsel rendered ineffective assistance for failing to properly prepare for trial. Specifically, the Defendant claims that defense counsel was

> ineffective by failing to depose witnesses,
> investigate before trial, and file for
> discovery. On July 19, 2007, at the
> Defendant's arraignment, the Defendant pled
> guilty to Burglary to a Structure (a lesser
> included offense). By entering his plea of
> guilty, the Defendant waived his right to a
> trial, therefore, the Defendant's counsel
> would not have prepared for trial. (Exhibit
> "A.") Accordingly, defense counsel cannot be
> deemed ineffective for failing to prepare for
> trial. Therefore, the Defendant's second
> ground is denied.

Pet. Ex. A at 2. The appellate court affirmed the trial court's

denial per curiam.

Assuming the appellate court affirmed the denial of

Petitioner's post conviction motion as to this claim on the merits,

there are qualifying state court decisions. Thus, this claim will

be addressed applying the deferential standard for federal court

review of state court adjudications. Following an extensive review

of the record and the applicable law, the Court concludes that the

state courts' adjudications of this claim were not contrary to

clearly established federal law, did not involve an unreasonable

application of clearly established federal law, and were not based

on an unreasonable determination of the facts in light of the

evidence presented in the state court proceedings. Thus,

Petitioner is not entitled to relief on the basis of this

ineffectiveness claim.

Additionally, even assuming that the state courts'

adjudications of this claim are not entitled to deference under

AEDPA, Petitioner's claim is without merit. Petitioner has failed to establish that counsel's performance was deficient for failure to fully investigate for trial and for not interviewing or deposing "exculpatory" witnesses. The following chronology is relevant to the resolution of this issue. Petitioner committed the crime at approximately 11:00 p.m. on the evening of June 24, 2007. Resp. Ex. B at 43, Arrest and Booking Report. The State charged Petitioner with burglary of a dwelling (count one) and possession of burglary tools (count two) on July 13, 2007. Resp. Ex. I, Information. At the July 19, 2007 arraignment, Chun agreed to the State's plea offer. Thus, at that early stage of the case, Chun's court-appointed attorney would have been involved in a preliminary exchange of discovery with the State and would not have interviewed and deposed witnesses who had not even witnessed the crime.[6] By deciding to accept the State's offer, Chun waived his constitutional right to a trial, just as the trial judge and the negotiated plea form had explained. Resp. Ex. A at 36; Tr. at 97. And, therefore, counsel's responsibility to further investigate and interview and depose witnesses ended.

Even assuming arguendo deficient performance by defense counsel, Petitioner has not shown prejudice. Petitioner has not

---

[6] Petitioner lists the witnesses as his oldest brother, oldest son, daughter, friend (Hugh Senn), and Detective Corvo. None of these individuals witnessed the crime nor would they be able to provide testimony relating to why Chun was in his neighbor's apartment that night.

shown a reasonable probability that, but for his counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. As previously discussed, Petitioner accepted the State's offer because it was in his best interest, and, in doing so, he avoided the possibility of a twenty-year sentence as opposed to the five-year sentence the judge imposed as a result of the guilty plea. Therefore, Petitioner's ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice.

## C. Ground Three

As ground three, Petitioner claims that his right to due process of law was violated due to the trial court's error in accepting his guilty plea when the State failed to present a factual basis for the plea. Petitioner sufficiently raised this ground in his Rule 3.850 motion. See Resp. Ex. B at 9. After identifying the Strickland ineffectiveness test, the court denied the motion with respect to this claim, stating in pertinent part:

> [T]he Defendant claims the trial court erred when it did not establish a factual basis for the Defendant's guilty plea. The main purpose for ascertaining a factual basis for the Defendant's guilty plea is to prevent a defendant from mistakenly pleading to the wrong offense. Williams v. State, 316 So.2d 267 (Fla. 1975). After review of the record, this Court finds that there were sufficient facts for this Court to find a factual basis for the Defendant's plea. At the Defendant's plea hearing on July 26, 2007 the Defendant admitted to being in the residence. (Exhibit "C," page 7-8.) At the Defendant's continued

> plea hearing on August 30, 2007 after being
> sworn in[,] the Defendant states, "I have a
> thousand excuses but not one good reason was
> to why I committed a crime against the State
> of Florida." (Exhibit "D," page 9). Clearly,
> the Court could rely on the facts presented at
> the hearing as well as the information in the
> Pre-Sentence Investigation. (Exhibit "F").
> See Hall v. State, 603 So.2d 650 (Fla. 1st DCA
> 1992). Accordingly, the Defendant's first
> ground is denied.

Pet. Ex. at 1-2. Upon Petitioner's appeal, the appellate court affirmed the denial of his Rule 3.850 motion per curiam.

Assuming the appellate court affirmed the denial of the post conviction motion as to this claim on the merits, there are qualifying state court decisions. Accordingly, this claim will be addressed applying the deferential standard for federal court review of state court adjudications. Upon review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief on the basis of this claim. Moreover, even assuming that the state courts' adjudications of this claim are not entitled to deference, Petitioner's claim is without merit. Given the record, the trial court did not err in accepting Chun's guilty plea since there was an adequate factual

basis for the plea.  Tr. at 123;[7] Resp. Ex. C at 8-9; Resp. Ex. B at 43-44, Arrest and Booking Report; Resp. Ex. B at 141, Presentence Investigation.  Petitioner's due process right was not violated.

## VIII. Conclusion

Upon consideration of the foregoing, the undersigned finds that "[u]nder the doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard, see Yarborough v. Gentry, 540 U.S. 1, 5-6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (per curiam)," Petitioner's ineffective assistance claims fail.  Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009).  And, Petitioner's remaining claim is without merit.  Accordingly, for the above-stated reasons, the Petition will be denied, and this case will be dismissed with prejudice.

## IX. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Petitioner seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted.  This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  To make this substantial showing, Petitioner

---

[7] At the hearing, Chun testified: "I just wanted to mention that I have a thousand excuses but not one good reason as to why I committed a crime against the State of Florida."  Tr. at 123.

"must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>See Slack</u>, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id</u>. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.     The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.     If Petitioner appeals the denial of the Petition, the Court denies a certificate of appealability.  Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

4.     The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of October, 2011.



**MARCIA MORALES HOWARD**
United States District Judge



sc 10/11
c:
Clifford Chun
Ass't Attorney General (Hill)